UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE NICHOLAS MILLER,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-714-JD-MGG

J. KNOCKE, et al.,

    Defendants.

OPINION AND ORDER

Shane Nicholas Miller, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Miller is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Miller is incarcerated at Westville Correctional Facility ("Westville") and is a practicing Muslim. He alleges that on May 18, 2022, he received a package from a non-profit organization that provides assistance to Muslim inmates who are indigent. He

claims the package contained three holy books and a prayer rug, which is used during worship services. He claims the prayer rug was confiscated by prison staff members J. Knocke and J. Algozine, who provided him with a confiscation slip indicating that the rug was prohibited because it "can be purchase[d] on commissary." He tried to get the prayer rug back by asking the prison's chaplain. The chaplain responded that Mr. Miller had his permission to possess the rug as long as it conformed to prison policies regarding inmate property and was used "in accordance with Westville's policy of religious items." (ECF 1-1 at 3.) Despite the chaplain's decision and multiple inquiries he has made, he claims he has yet to get the prayer rug back. Based on these events, he sues J. Knocke and J. Algozine, seeking monetary damages.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) (citation and internal quotation marks omitted). A prison practice that imposes a substantial burden on the free exercise of religion "may be justified if it is reasonably related to legitimate penological interests." *Kaufman*, 733 F.3d at 696 (internal quotation marks and citation omitted). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A).

Giving Mr. Miller the inferences to which he is entitled at this stage, he has alleged a plausible First Amendment claim. It can be discerned from his allegations that the prayer rug is central to his religious practice. He further alleges that the rug was confiscated not for any security reason, but because prayer rugs are available for purchase at the prison commissary. However, the complaint can be read to allege that Mr. Miller cannot afford to buy a prayer rug at the commissary because he is indigent.[1] The fact that the chaplain approved the rug suggests that there was no legitimate reason for it to be confiscated. Mr. Miller will be permitted to proceed on a First Amendment claim for money damages against J. Knocke and J. Algozine.

Although he does not expressly ask for injunctive relief, the complaint can be read to allege that he still wants the confiscated prayer rug back and has not been able to obtain one through other means. RLUIPA provides for injunctive relief, although not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Mr. Miller will be permitted to proceed on a claim under RLUIPA for injunctive relief, namely, the return of the prayer rug. The Warden of Westville Correctional Facility is a proper defendant for such a claim, and he will be added as a party. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022) ("The warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

---

[1] The in forma pauperis motion submitted along with the complaint reflects that Mr. Miller only had $15 deposited to his prison trust account during the six months immediately preceding the filing of the complaint. (ECF 2 at 3-4.)

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of Westville Correctional Facility as a defendant;

(2) GRANTS the plaintiff leave to proceed on a claim for monetary damages against J. Knocke and J. Algozine in their personal capacity for violating his First Amendment rights by confiscating a prayer rug he intended to use for religious worship;

(3) GRANTS the plaintiff leave to proceed against the Warden of Westville Correctional Facility in his official capacity for injunctive relief under the Religious Land Use and Institutionalized Persons Act to have the prayer rug returned to him;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) J. Knocke, J. Algozine, and the Warden of Westville Correctional Facility at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS J. Knocke, J. Algozine, and the Warden of Westville Correctional Facility to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 7, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5