UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE NICHOLAS MILLER,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-714-JD-MGG

J. KNOCKE, et al.,

    Defendants.

OPINION AND ORDER

Shane Nicholas Miller, a prisoner without a lawyer, is proceeding on a claim for monetary damages against Westville Correctional Facility employees Jennifer Knocke and Jackie Algozine for violating his First Amendment rights by confiscating a prayer rug he received in the mail in May 2022. (ECF 5.) He is also proceeding on a claim against the Warden of Westville in his official capacity for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") to have the prayer rug returned to him. (*Id.*) Defendants now move for summary judgment on the ground that Mr. Miller did not exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (ECF 12.)

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine dispute of material fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party,

and . . . draw all reasonable inferences from that evidence" in that party's favor. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted). Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). At the summary judgment stage, "inferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Mr. Miller was notified of the Defendants' motion for summary judgment and granted two extensions of time to respond to it. (ECF 15, 18, 20.) His response was due April 3, 2023, but that deadline has passed and no response has been filed. (*See* ECF 20.) Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.; see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments."). Therefore, the court deems the Defendants' facts admitted and proceeds to consider whether summary judgment is warranted under the applicable law.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Lack of exhaustion is an affirmative defense that the defendant has the burden of pleading and proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The purpose of the exhaustion requirement is "to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*. at 1024.

By the same token, inmates are only required to exhaust administrative remedies that are actually available. *Woodford*, 548 U.S. at 102. The availability of a remedy is not a matter of what appears on paper, but rather, whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.*

The undisputed facts show as follows. At all relevant times, Westville had a grievance process in place that allows inmates to grieve a variety of matters, including

3

the actions of staff and other concerns related to the conditions of their confinement. (ECF 12-1 ¶ 5-6; ECF 12-2 at 3.) Inmates are made aware of the policy upon their arrival at Westville, and the policy is also available in the prison law library or by request from the grievance specialist or her staff. (ECF 12-1 at ¶ 19.) The process consists of three steps: (1) a formal grievance; (2) a written appeal to the Warden or his designee; and (3) a written appeal to the Indiana Department of Correction Grievance Manager. (ECF 12-2 at 3.) The process begins with the inmate submitting a formal grievance no later than 10 business days from the date of the incident giving rise to the complaint or concern. (*Id.* at 9.) The grievance specialist must screen the grievance within 10 days and either return it to the inmate as procedurally deficient or accept it for filing. (*Id.* at 10.) If accepted for filing, the grievance must be responded to within 15 business days. (*Id.*) If the inmate is dissatisfied with the response, he may appeal through the remaining two steps. (*Id.* at 12-13.)

Official grievance records reflect that Mr. Miller did not file any grievance about the confiscation of his prayer rug. (ECF 12-1 at ¶ 23; ECF 12-3.) As stated, he has not responded to the motion for summary judgment or offered evidence to counter official grievance records.

Although he has not expressly made this argument, the court has considered that he alleged in his complaint that he filed a grievance in late May 2022 about the confiscation of his prayer rug and did not get a response. (ECF 1 at 3, 4.) However, at this stage, he may not rely on allegations in his own pleadings, but rather must "marshal and present the court with the evidence that []he contends will prove [his]

4

case." *Goodman*, 621 F.3d at 654. Furthermore, he provided no details about the filing of the alleged grievance, such as where he submitted it or what prison staff member he gave it to. (*See* ECF 1 at 3.) Vague assertions are not enough to create a factual dispute over whether he was somehow thwarted in his efforts to exhaust. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (where plaintiff failed to provide specifics about how he was prevented from exhausting, summary judgment for defendants was proper).

Additionally, even if the court were to presume that Mr. Miller submitted a grievance in late May 2022 that was ignored or lost, he had remedies available under the grievance policy. If he did not receive either a receipt or a rejected grievance back from the grievance specialist within 10 days of submitting it, the grievance policy directed him to notify the grievance specialist in writing, which triggered a duty by her to investigate. (ECF 12-2 at 9.) If he still did not receive any response to his grievance within 20 days, he could proceed to the next step "as though the grievance had been denied." (*Id.* at 12.) Official grievance records reflect that he did not take those steps. Therefore, Defendants have demonstrated that he did not exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a).

For these reasons, the motion for summary judgment (ECF 12) is GRANTED, and judgment is entered in favor of Defendants pursuant to 42 U.S.C. § 1997e(a). The clerk is DIRECTED to close this case.

SO ORDERED on May 31, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5